## PEOPLE *v.* SWEENEY.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. CRIMINAL LAW—INSTRUCTIONS—CHARACTER OF DEFENDANT.

An instruction, "if the crime charged in the indictment has been conclusively proven to the satisfaction of the jury beyond a reasonable doubt, that in that case any good character of the defense does not avail him," does not withdraw from the jury evidence as to defendant's good character, where the court had previously charged that, in case of reasonable doubt as to defendant's guilt, which must be determined on all the evidence, defendant was entitled to an acquittal, and that evidence as to the good character of defendant should be considered in determining the question of reasonable doubt.

2. APPEAL—REVIEW—HARMLESS ERROR.

A police officer, who had testified as to the circumstances of defendant's arrest in Chicago, was cross-examined as to his previous official history. On re-examination he was asked, "Are you one of the officers that was in the Haymarket riot at Chicago, blown up by the bomb-shells?" to which he replied, over defendant's objection, "I was one of the men who were in that riot." *Held,* that such testimony, though immaterial, was not prejudicial to defendant.

Appeal from court of sessions, Jefferson county.

In May, 1890, the defendant, John H. Sweeney, and David McCord, *alias* James Bradley, were jointly indicted for the crime of grand larceny in the first degree. It was alleged that on May 2, 1888, the defendant and McCord, with another party, by false and fraudulent pretenses, obtained from John

B. Chapman, then of the town of Adams, in Jefferson county, the sum of $7,040; that, among other things, it was represented that two bars of metal, weighing about 45 pounds each, and found the day before on the farm of Chapman, were gold, when in fact they were worthless. In June, 1890, the case was tried; the defendant was convicted of the crime charged, and appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Thos. F. Kearns* and *W. F. Porter*, for appellant. *Frank H. Peck*, Dist Atty., for respondent.

MERWIN, J. At the trial the main contention was over the question whether the defendant was one of the parties engaged in the commission of the fraud upon Chapman. It is here claimed that the verdict, in effect finding that the defendant was one of the parties, is against the evidence, and that there is no reliable evidence to justify a verdict of guilty. The evidence upon this subject is conflicting. The complainant and three other witnesses identified the defendant with more or less certainty, and there was evidence that certain signatures made by one of the parties in the transaction were in the handwriting of the defendant. There were also some circumstances that were claimed to be corroborative. On the part of the defendant, he and his wife both testified to his being at the time at his residence in Clyde, Ohio, and this was corroborated to some extent by the testimony of several witnesses taken by commission. A careful consideration of all the evidence leads us to the conclusion that the evidence is sufficient to sustain the verdict, and that we cannot properly say that the verdict is against the weight of evidence. After the court had given its charge to the jury, and after the counsel of the defendant had made divers requests which had been answered by the court, the district attorney requested the court to charge "that, if the crime charged in the indictment has been conclusively proven to the satisfaction of the jury beyond a reasonable doubt, in that case any good character of the defense does not avail him." The court. so charged, and the defendant excepted. This is claimed to be error. The court had previously charged that, in case of a reasonable doubt whether the guilt of the defendant was satisfactorily shown, he was entitled to an acquittal, and that this doubt must be determined upon all the evidence in the case. The court had also, at the request of the defendant's counsel, specifically charged, in substance, that the evidence as to the good character of the defendant should be considered by the jury in determining the question of reasonable doubt, and might actually outweigh evidence which might otherwise appear conclusive. These propositions were not withdrawn by the charge complained of. Taking the whole together, as it should be, the jury were, in effect, told that if, upon all the evidence in the case, including that as to the defendant's character, the crime charged had been conclusively proved to the satisfaction of the jury. beyond a reasonable doubt, then any good character of the defendant would not avail him. As so construed, there was no error. There was no exclusion from the jury of the evidence as to good character in determining in the first instance the guilt or innocence of the defendant. The cases cited by the defendant ( *People* v. *Wileman*, 44 Hun, 187, and cases there referred to) would therefore not apply. Good character is not a defense, but a defendant is entitled to have the evidence on that subject considered in determining primarily his guilt or innocence. If, after such consideration, the jury conclude that the defendant is guilty, then his good character, though established, does not clear him. Such, in substance, was the rule laid down by the trial court in this case.

Charles Nordrum, a police officer. from Chicago, was called by the people as a witness in regard to certain matters in connection with the arrest of the defendant at Chicago. He was examined and cross-examined, and then, upon his redirect examination, he was asked the question: "Are you

one of the officers that was in the Haymarket riot in Chicago, blown up by the bomb-shells?" This was objected to by the defendant's counsel as incompetent and immaterial, and the objection was overruled, and exception taken. The answer was: "I was one of the men who were in that riot." This ruling is claimed to be erroneous. It will be observed that the answer is not fully responsive. The witness had been cross-examined in regard to his previous official history, and a reasonable latitude upon the redirect, by way of explanation, was allowable. It may be that, strictly speaking, the evidence was immaterial, but, in the form the answer was given, no possible injury would be occasioned to the defendant. We have examined the other exceptions presented on the part of the defendant, and find nothing that calls for a reversal. It is not apparent that any substantial right of the defendant is affected. Code Crim. Proc. § 542. It follows that the judgment and order should be affirmed. All concur.